## SOUTHWESTERN BELL TELEPHONE CO. v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

### No. 9581.

District Court, W. D. Missouri, W. D.

March 5, 1938.

Hume & Raymond, of Kansas City, Mo., for plaintiff.

Harding, Murphy & Tucker, of Kansas City, Mo., for defendant.

REEVES, District Judge.

From a judgment upon a verdict of a jury on each of three counts of the petition the defendant has moved for a new trial.

The suit is designated as an "Action on Insurance Policy." It was alleged in the petition that the defendant was engaged, among other things, in the writing of employer's liability insurance, and that, on November 16, 1924, it wrote such policy upon the Kansas City Telephone Company. This policy was effective for three years, which means its termination by expiration on November 16, 1927.

On January 22, 1927, almost one year before the termination of the policy, the affairs of the Kansas City Telephone Company were taken over by the plaintiff, Southwestern Bell Telephone Company. The latter company took over all of the assets of the first named company and assumed all of its liabilities. By this arrangement, the policy in suit did not become effective as an executory contract on the future operations of the Southwestern Bell Telephone Company, but, as stated informally by counsel, it specially insured the new corporation, and, at that date, the policy terminated on the Kansas City Telephone Company as an employer for the reason that it discontinued its business.

At a later date three different parties who had been employees of the Kansas City Telephone Company made claims for damages against the plaintiff, Southwestern Bell Telephone Company. These claims, however, were for damages which they asserted accrued to them while employed by the Kansas City Telephone Company. The dates of such accrual of liability were fixed within the time that the defendant's policy or contract of liability insurance was effective on the Kansas City Telephone Company, that is to say, some time after the 16th of November, 1924, and prior to January 22, 1927.

The petition avers that the defendant was notified, but denied liability on account of such claims, and that the plaintiff was compelled to investigate and make settlement thereof. This duty, it is asserted, devolved upon the defendant, and that, because of its breach of its obligation, this suit was instituted to recover for expenses and payments made to discharge the claims.

The defendant by its answer denied the right of the Kansas City Telephone Company to transfer a policy or the liabilities thereunder to the plaintiff. It asserted that such contracts were personal and that such transfer could not be made without its consent. No issue was raised in the matter of notice to the defendant, but the sole issue was whether the plaintiff had a right by assignment from the Kansas City Telephone Company to prosecute this action.

The motion for new trial substantially raises the same contention, although there were some complaints as to alleged procedural errors.

Only two points need to be considered: (a) Whether the plaintiff has a right as an assignee of the Kansas City Telephone Company to prosecute this action, and, (b) whether, if so, there were prejudicial procedural errors.

■ 1. On the question of the right of the plaintiff to prosecute the action as an assignee, it is uniformly ruled that a right of action arising out of a contract may generally be assigned. There are some exceptions to this rule. 6 C.J.S., Assignments, § 31, p. 1080.

Counsel for the defendant has argued earnestly and briefed his case industriously upon the theory that it was an assignment of a policy prospective or executory in its nature, and that such a contract, being personal, could not be transferred or assigned without the consent of the defendant. There is no question about this rule. The only question here present is whether, after the loss has occurred, the policy may be assigned, or, rather, an action on the policy may be transferred.

■ 14 R.C.L. § 182, p. 1004, specifically states that: "A provision in a policy against assignment does not apply to assignment after loss, and a specific provision against such an assignment is null and void, as inconsistent with the covenant of indemnity and contrary to public policy."

This seems to be the universal rule, and the contrary was not held in Maryland Casualty Company v. Omaha Light & Power Co., 157 F. 514, 516. In that case, Judge Adams for the Eighth Circuit Court of Appeals specifically said: "The assignment in question was made after the assured sustained the loss and after it had been adjudged to be a legal liability against it. * * * At that time the term of the policy had expired, and the character of the assured for integrity and prudence, on the strength of which the insurer might have relied in making its contract, could no longer affect its liability."

■ It is quite true in the case just mentioned the claims had been liquidated, but that does not affect the principle. As said by Judge Adams: "Like any other chose in action [it] was assignable regardless of the conditions of the policy in question."

In Archer v. Merchants' & Manufacturers' Ins. Co., 43 Mo. 434, the court specifically upheld the assignment of an insurance policy after loss. It used this language (loc. cit. 442): "The assignment was made after the loss occurred, and it stood on the same footing as the assignment of a debt, or right to recover a sum of money actually due, which, like the assignment of any other chose in action, would give the assignee an equitable interest and a right to recover, subject, of course, to a set-off and all other equities."

■ It would be a harsh rule for the courts to promulgate to the effect that, an employer carrying employers' liability insurance having transferred its assets to another employer which assumed the liabilities of the transferer, the insurance carrier would be excused from meeting its obligation on losses occurring prior to the transfer, unless asserted by the transferor or assignor.

It is claimed by diligent and able counsel for the defendant that the personal element remained in the case for the reason that, as stated in Delaware County v. Diebold Safe & Lock Co., 133 U.S. 473, 10 S. Ct. 399, 404, 33 L.Ed. 674: "But when rights arising out of contract are coupled with obligations to be performed by the contractor, and involve such a relation of personal confidence that it must have been intended that the rights should be exercised, and the obligations performed, by him alone, the contract, including both his rights and his obligations, cannot be assigned without the consent of the other party to the original contract."

688

If this element arises in the present controversy, it is because of the obligation of the insured to co-operate with the insurer in defending claims. In the first place, the defendant in this case did not deny liability upon this claim on this ground. Moreover, it was not made to appear that, after the claim was asserted by the employee, the present plaintiff could not or would not have co-operated as effectively as its predecessor.

This matter pertains to the remedy rather than a substantive right, and clearly it was not contemplated between the parties to the original contract that the factor of co-operation was personal as in the case of the hazards of insurance. On this latter, it is entirely proper for an insurer to select its assureds, but it does not seem logical or reasonable that it could invoke the personal element as to co-operation after a loss has been sustained.

The case was properly submitted to a jury.

2. Another question raised by the defendant is whether error was committed in the admission of testimony. This pertains to the evidence with respect to expenses incurred by the plaintiff in adjusting claims which it believed the defendant should have adjusted. It made charges for the time employed by its salaried attorneys in investigating and otherwise working on the cases. This appears to be a correct element of damages, and no cases are called to my attention which would indicate that it should have been excluded.

Another point raised by the defendant is that the court erred in its charge to the jury. The claimed errors have been examined and do not appear to be meritorious or prejudicial.

The plaintiff has filed an application to amend the original petition so as to conform to the proof and the verdict. Under the statute, as well as the authorities, the plaintiff would have a right thus to amend. No objection was made to the testimony at the time, and an examination of a great number of authorities indicates that under such circumstances, after verdict, the plaintiff is entitled to amend its petition to conform to the proof and to supplement the verdict.

Leave will be granted to make such an amendment.

The motion for a new trial is overruled, and an exception is reserved to the defendant. It is so ordered.